FILED
SEP 2 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

U.S. Department of Justice 

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St, N W*
*Washington, D C 20530*

June 27, 2007

Dani Jahn, Esquire                                07-195
FAX 202-208-7515

      Re: Tonya R. Sykes

Dear Counsel:

     This letter confirms the agreement between your client, Tonya R. Sykes, and the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"), and supersedes any previous plea offer from the Government, written or oral. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the plea agreement. <u>This offer will remain open until June 25th, 2007.</u> The terms of the offer are as follows.

### Charges and Statutory Penalties

     1. Your client agrees to waive indictment, admit guilt, and enter a plea of guilty to a one-count criminal Information, a copy of which is attached, charging her with wire fraud, in violation of 18 U.S.C. § 1343. In addition, your client agrees to pay restitution, pursuant to 18 U.S.C. § 3663A.

     2. Your client understands that pursuant to 18 U.S.C. § 1343, the charge of wire fraud carries a maximum prison sentence of 20 years, a maximum period of supervised release of 3 years, and a maximum fine of $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. 3571(d). In addition, your client understands that she will be required to pay a special assessment of $100 to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client further understands that if the Court rejects the parties'

recommendation as to the appropriate sentence of probation as set forth in paragraph 3, *infra*, and your client does not withdraw her guilty plea, your client will be sentenced according to 18 U.S.C. §§ 3553(a) and 3553 through (f), upon consideration of the United States Sentencing Commission Guidelines Manual (2006) ("Sentencing Guidelines"), which will apply to determine your client's guideline ranges.

**Recommendation as to Appropriate Sentence**

3. Your client and the Government agree that a sentence of probation is an appropriate sentence for the offense to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will include in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw her guilty plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. This agreement with respect to the appropriate sentence affects only the term of probation. The otherwise applicable statutory and Sentencing Guideline provisions continue to apply to other sentencing incidents, specifically fines and terms of restitution.

**Factual Stipulations**

4. Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines Stipulations

5. Your client understands that notwithstanding paragraph 3, <u>supra</u>, the Court is required to calculate the applicable guideline ranges as determined by the Sentencing Guidelines. Pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and to assist the Court, the parties stipulate and agree to the following:

### Base Offense Level Under the Sentencing Guidelines

The parties agree that the base offense level for the offense of wire fraud is 7, pursuant to U.S.S.G. § 2B1.1(a)(2), and that there is an 8-level increase in the base level offense due to loss to the victim of $118,624, pursuant to U.S.S.G. § 2B1.1(b)(1)(E). After acceptance of responsibility the total adjusted level is 13 which yields a recommended sentencing range of 12-18 months in zone D.

### Acceptance of Responsibility: two-point reduction

Assuming your client clearly demonstrates acceptance of responsibility to the satisfaction of the government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the government agrees that a two-level reduction would be appropriate, pursuant to U.S.S.G. § 3E1.1(a). Your client understands and acknowledges that the position of the Government with respect to your client's base offense level, like any other recommendation made by the United States Attorney's Office at the time of sentencing, is not binding on the Probation Office or the Court, neither of which is a party to this agreement.

### Release/Detention

6. Your client acknowledges that while the Government will not seek to have her detained pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty.

### Waiver of Rights

7. In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an

3

indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

**Court Not Bound by the Guidelines**

8. Your client understands should the Court <u>not</u> accept the recommended sentence of probation, and your client nonetheless elects <u>not</u> to withdraw her guilty plea, the sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) and 3553(C) through (f), and with consideration of the Sentencing Guidelines. Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

**Reservation of Allocution**

9. Your client understands that subject to the provisions of paragraph 3 of this agreement, this Office reserves its full right of allocution for purposes of sentencing in this matter. In particular, the Government reserves its right to recommend a specific period of and conditions of probation and fine allowable by law. In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on any sentencing issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceedings before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), or any post-sentencing motion to reduce the sentence pursuant to rule 35(b) of the Federal Rules of Criminal Procedure.

**Restitution**

10. In addition to penalties required by law, the Court must also order that your client make restitution under 18 U.S.C. § 3663A. Restitution will be determined in an amount by the Court and is payable immediately unless ordered otherwise by the Court.

4

**Breach of Agreement**

12. Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to rule 11 of the Federal Rules of Criminal Procedure.

13. Your client acknowledges discussing with you rule 11(f) of the Federal Rule of Criminal Procedure and rule 410 of the Federal Rule of Evidence, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules, with respect to any statements made after entry into this Agreement.

14. Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

15. Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of

5

this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw her guilty plea.

**Waiver of Statute of Limitations**

16. It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

**Waiver of Right to DNA Testing**

17. By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

**Complete Agreement**

18. No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

19. Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.

It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

Sincerely,

Jeffrey A. Taylor
United States Attorney

Julieanne Himelstein
Assistant United States Attorney
(202) 514-8203

CLIENT'S ACCEPTANCE

    I have read this Plea Agreement and have discussed it with my attorney, Dani Jahn, Esquire. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

    I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 9-21-07

_____
Tonya Sykes


ATTORNEY'S ACKNOWLEDGMENT

    I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 9/21/07

_____
Dani Jahn, Esquire
Attorney for Tonya R. Sykes