UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.     : | Cr. No. 07-195 (TFH) |
| : | |
| TONYA SYKES,  : | |
| : | |
| **Defendant** : | |

## SENTENCING MEMORANDUM

On September 21, 2007, Ms. Sykes pled guilty to a one count Information charging her with Wire Fraud in violation of 18 U.S.C. § 1343, before Magistrate Judge John M. Facciola. She will appear before this Honorable Court for sentencing on February 22, 2008. Ms. Sykes, through undersigned counsel, respectfully submits the following information for the Court's consideration in imposing a fair and just sentence.

On August 7, 2007, the above mentioned one-count Information was filed against Ms. Sykes. She pled guilty to the Information on September 21, 2007, pursuant to a written plea agreement in which the parties agreed to a sentence pursuant to Rule 11(c)(1)(C). Pursuant to the plea agreement, the parties agreed to a sentence of probation.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support both Ms. Sykes's and the government's request that she be sentenced to a term of probation. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005).

These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of probation with an order of restitution would be warranted in this matter, and that a sentence of imprisonment would be greater than necessary to meet the sentencing purposes set

forth in § 3553(a)(2). While Ms. Sykes has committed a very serious crime, she has expressed regret and remorse for her actions. Ms. Sykes agreed to waive her right to an indictment, to file any pre-trial motions, and pled guilty in a timely fashion thereby saving scarce judicial resources. It should be noted that Ms. Sykes is thirty-five years old and has been gainfully employed since she graduated from college in 1995. Since July 2003, Ms. Sykes has been employed as a senior financial controller at Science Application International Corporation (SAIC) in McLean, Virginia.

Therefore, sentencing Ms. Sykes to a term of probation with an order of restitution is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Ms. Sykes with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

## **CONCLUSION**

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Sykes respectfully requests that the Court accept the plea agreement in this case and impose a sentence of probation which is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

\_\_/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500