UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CRIMINAL NO. 07- 195-01(THH)** |
| | : | |
| **TONYA SYKES,** | : | |
| | : | |
| **Defendant.** | : | |

## GOVERNMENT'S JUSTIFICATION FOR ACCEPTANCE OF 11(c)(1)(C) PLEA

The United States of America, by and through its attorneys, the United States Attorney for the District of Columbia, hereby submits its memorandum in support of the plea entered into by the parties pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

Defendant is charged in a one count information with a violation of 18 U.S.C. § 1343, wire fraud. The information charged that Defendant submitted fraudulent "time and expense" reports. As a result of those fraudulent submissions, defendant received $118,624.

Rule 11(c)(1)(C) of the current Federal Rules of Criminal Procedure provides:

An attorney for the government and the defendant's attorney, or the defendant when proceeding pro se, may discuss and reach a plea agreement. The court must not participate in these discussions. If the defendant pleads guilty or nolo contendere to either a charged offense or a lesser or related offense, the plea agreement may specify that an attorney for the government will:

* * *

(C) agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request binds the court once the court accepts the plea agreement).

In accordance with Rule 11(c)(1)(C), counsel for the United States and for Defendant reached a plea agreement that Defendant would plead guilty to one count of 18 U.S.C. § 1343. In exchange, counsel for the United States agreed not to seek an indictment, and and agreed that the appropriate sentence for the count to which Defendant would plead guilty is a sentence of probation, with the terms of supervision to be determined by the Court. The plea agreement has been filed. On September 21, 2007, Defendant appeared before the Court and indicated her intent to enter a plea of guilty in accordance with the plea agreement. On March 3, 2008, the parties appeared before this Court for sentencing. The Court ordered the parties to file a justification for the plea.

From 1974, when the Federal Rules of Criminal Procedure were amended to include rules governing plea bargaining, to the present, Rule 11 has included an explicit provision allowing for the government and the defendant to bargain pretrial for an agreed upon sentence in exchange for a guilty plea. See Fed. R. Crim. P. 11 Advisory Committee's Note. In formalizing procedures to govern the practice of plea bargaining, the Advisory Committee conceded "both the inevitability and the propriety of plea agreements." Id. (describing the purpose of the 1974 amendments set forth in then subdivision (e) of Rule 11). Quoting the Supreme Court in Santobello v. New York, 404 U.S. 257, 260 (1971), the Committee noted that "[t]he disposition of criminal charges by agreement between the prosecutor and the accused, sometimes loosely called 'plea bargaining,' is an essential component of the administration of justice. Properly administered, it is to be encouraged." Fed. R. Crim. P. 11 Advisory Committee's Note. In the context of plea bargaining, there are instances where the mutually beneficial outcome for both the government and the defendant includes an explicit agreement as to the defendant's sentence.

The Advisory Committee's note to Rule 11 acknowledges that certainty in one's sentence may be a key consideration in the bargaining process.

Starting from the premise, as the Supreme Court did in <u>Santobello</u>, that the efficient disposition of criminal cases by way of plea bargain, when properly administered, "is to be encouraged," the United States advocates the acceptance of Defendant's plea.  The negotiated sentence of one year of supervised probation is an appropriate and reasonable outcome in this case considering the factors to be weighed by a sentencing court pursuant to 18 U.S.C. § 3553(a).  This negotiated sentence properly addresses the key factors identified in § 3553(a) – the nature and circumstances of the offense, the history and characteristics of the defendant, and the need for the sentence imposed as opposed to the kinds of sentences available.

The proposed sentence adequately reflects the nature and circumstances of the offense as well as the history and characteristics of the defendant.  First of all, as soon as the Defendant was confronted with this allegation, she admitted her guilt to the law enforcement officer, and immediately wrote a check for $10,000 to show her good faith. Since that confrontation, she has been unwavering about her guilt. Indeed, Defendant admitted that during that time she was grieving for several relatives who had passed away, acquired an illness that required substantial and expensive medical treatment, and endured periods of depression.   Rather than waiting for someone else to bail her out of these situations, Defendant has sought psychological treatment.  Defendant has no criminal history and is employed as a senior financial controller for Science Application International Corporation.

Although this case has prosecutive merit, it is five years old.  The age of the case does impact on the prosecutorial decision in this case.

The proposed sentence would provide an adequate deterrent to criminal conduct since she will have a felony conviction. The public would be sufficiently protected from further crimes by this defendant since Defendant has abided by all her conditions of release, and has not committed any violations of law since this prosecution began.

The circumstances of Defendant's offense suggest that a period of probation with conditions ordered by this Court may be beneficial. For example, an appropriate program of community service may result in an outcome that is positive for Defendant as well as society.

While the proposed sentence falls outside the range proscribed by the United States Sentencing Guidelines, it adequately addresses the factors set forth in 18 U.S.C. § 3553. The Guidelines would result in a total offense level of 13 under U.S.S.G. § 2B1.1(b)(1)(E). Given Defendant's lack of criminal history, would result in a sentence of 12-18 months' imprisonment.

As discussed in detail above, however, because the sentence proposed by the parties is consistent with the factors set forth in 18 U.S.C. § 3553, it is an appropriate sentence in this case. Accordingly, the United States requests the Court to accept Defendant's plea.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
Bar No. 498610

_____

Julieanne Himelstein
Assistant United States Attorney