## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Cr. No. 07-195 (TFH)** |
| | **:** | |
| **TONYA SYKES,** | **:** | |
| | **:** | |
| **Defendant** | **:** | |

_____

### SUPPLEMENTAL SENTENCING MEMORANDUM

On March 3, 2008, Ms. Sykes appeared before this Court for sentencing in accordance with her guilty plea to a one count Information charging her with Wire Fraud in violation of 18 U.S.C. § 1343.  Her guilty plea was provisionally accepted by Magistrate Judge John M. Facciola on September 21, 2007.  During the March 3, 2008, hearing, this Court expressed concern about enforcing the Fed. R. Crim. P. 11(c)(1)(C) plea agreement in this case and as a result of this concern requested further briefing from the parties as to why this Court should enforce the plea agreement in this case.  A new sentencing date of May 22, 2008 was set and the parties were instructed to file supplemental sentencing memorandum.

On May 12, 2008, the government filed a memorandum entitled Justification for Acceptance of 11(c)(1)(C) Plea.  In the government's filing, undersigned counsel believed that all relevant information and authority for accepting the plea agreement in this case had been adequately articulated and thus did not submit a supplemental sentencing memorandum.  Further, undersigned counsel had consulted all trial attorneys in the Federal Public Defender's Office to ascertain whether or not any other attorneys had experience in Fed. R. Crim. P. 11(c)(1)(C) pleas in cases similar to the instant case.  Unfortunately, undersigned counsel has been advised that no other attorney from the Federal Public Defender's Office has had any experience with cases

involving a loss amount over $100,000 and Fed. R. Crim. P. 11(c)(1)(C) pleas.

On June 23, 2008, this Court issued an Order putting the parties on notice that the Court still harbors the same concerns it initially raised at the sentencing hearing in March.  Currently, sentencing in this case is set for July 2, 2008 at 10 a.m.  In light of the Court's Order, undersigned counsel submits the following in an effort to provide more information as to why the Court should accept the plea agreement in this case and sentence Ms. Sykes to a term of probation.

Beginning in the late fall of 1998 continuing up until January 2003, Ms. Sykes had falsely submitted time and expense reports as a consultant for Accenture.  Over the course of approximately four years, Ms. Sykes wrongly received approximately $118,000 as a result of her fraudulent submissions of her time and expense reports (thereby receiving approximately $30,000 a year).  On January 31, 2003, Ms. Sykes was confronted by her supervisors at Accenture as well as agents of the F.B.I. about these fraudulent time and expense reports submitted to Accenture.  Immediately upon confrontation, Ms. Sykes admitted her wrongdoing. Ms. Sykes gave a written statement to the F.B.I. that she had wrongly and fraudulently received money from Accenture due to falsely submitted time and expense reports.  Also during this confrontation, Ms. Sykes wrote a check for $10,000.00 to show her good faith that she was serious about paying the money back and admitting how wrong her conduct had been.  At the conclusion of the interview, Ms. Sykes was told that she would likely receive more information about how the situation was going to be handled in approximately six to nine months.  However, it was not until the summer of 2005 that Ms. Sykes heard anything from the F.B.I. or any other law enforcement entity about her unlawful conduct as an employee of Accenture.

2

In no way does Ms. Sykes seek to minimize the unlawful and fraudulent conduct she participated in, however, there were significant personal issues that Ms. Sykes faced during the years of 1999 through 2003 that led to her actions.  To begin, Ms. Sykes has had a very strained relationship with her parents.  As noted in the Pre-Sentence Report, her parents ultimately divorced in 2004 - however, the relationship of her parents had not been one of a solid family unit from the time Ms. Sykes can remember.  Ms. Sykes is an only child and throughout her childhood Ms. Sykes acted as a "go-between" for her parents.  For example, her father would instruct her to tell her mother things and vice versa.  Apparently, for years, her parents communicated through Ms. Sykes.  This type of behavior on the part of her parents has led Ms. Sykes to be estranged from them.  Ms. Sykes realized - over time - that this type of behavior between parents and child was abnormal.  Further, her observations of her parent's relationship has significantly impacted her ability to have her own relationships with others.

Also during the course of her unlawful conduct at Accenture, Ms. Sykes went through a serious of medical issues that were very upsetting and traumatic.  In approximately 2002, Ms. Sykes was tested for several different gynecological and pre-cancerous cysts.  She was hospitalized for a brief time in order to adequately address these gynecological issues.  To date, Ms. Sykes is still being monitoring for these issues.  While these medical issues were on-going, several family members of Ms. Sykes passed away.  Over a fourteen month period, her grandfather, grandmother, uncle and aunt died - resulting in the loss of all maternal family members other than her mother.  The grief of these deaths - while also managing time with her estranged mother was very difficult for Ms. Sykes.

However, most importantly during this time, Ms. Sykes realized that she was struggling

3

in her personal life as well as her committing fraud with regard to her professional life. As a result of this realization, Ms. Sykes personally sought out the help of a therapist to help her deal with the various issues she was facing. It was realized - through therapy - that Ms. Sykes was suffering from depression. Fortunately, Ms. Sykes was able to face some of the issues she was dealing with and has successfully worked through these issues with the therapist's help.

While Ms. Sykes has committed a very serious crime, she has expressed regret and remorse for her actions. Ms. Sykes has been living with the guilt and shame of her actions for over five years and is eager to pay restitution in this case. In anticipation of her upcoming sentencing hearing, Ms. Sykes submitted the attached letter written to the Court in an effort to provide some additional information in order for the Court to accept the plea in this case. Undersigned counsel intended to present this letter to the Court at the time of sentencing, however, in light of the recent Order and on-going concerns by the Court, undersigned counsel submits this letter now.

For all of the foregoing reasons and such other reasons that may be discussed at the sentencing hearing in this matter, Ms. Sykes respectfully requests that the Court accept the plea agreement in this case and impose a sentence of probation which is adequate to promote the relevant sentencing objectives at issue in this case.

Respectfully submitted,

__/s/_____
Danielle C. Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Ste. 550
Washington, D.C. 20004
(202) 208-7500

4

Tonya R. Sykes
5410 Connecticut Avenue NW #304
Washington, DC 20015

May 12, 2008

The Honorable Thomas F. Hogan
Chief Judge, U.S. District Court for the District of Columbia
E. Barrett Prettyman U.S. Courthouse
333 Constitution Avenue, NW
Washington, DC  20001

Dear Judge Hogan,

When I was asked to write this statement, I wasn't sure what to say.  I could write about my past, my family, my state of mind, etc to help justify why I did what I did, but I can't.  What I can do is to help give you an idea of my current state of mind and why I am asking you to accept my plea.

Over the past 5 1/2 years, there hasn't been a day that has gone by that I don't beat myself up or regret every aspect of how I got myself into this predicament.  I am not sure if you will ever understand the feeling of hopelessness or lost all hope of standing in your own strength, but I am attempting to make reparations and to get on with my life.  After all, you can't go forward until you recognize what you did wrong.

One thing I do remember you asking was "how is she any different from the drug dealers that I throw in jail?"  Truth is, I'm not.  I don't class myself as better than anyone else.  What I can say about myself is that I have never been more disappointed in myself.  This is something that has made me isolate myself from others, fall into a state of pushing myself beyond limits (whether it is with work , trying to help someone else, or even going above and beyond with no expectation of anything in return).  Truth is, I don't want anything from anyone.  I understand that I won't be able to have any type of normal life, and I am okay with that.  I just want to be able to try to make things right again.  I ask that you help me take that step by accepting my plea.  I will do everything in my power to make things right.  I implore that you let me go forward and do this.

Thank you for your time and consideration,

*Tonya R. Sykes*

Tonya R. Sykes

cc. Dani Jahn, Esq..